# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN JONES,<br><br>          Plaintiff,<br><br>     v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>          Defendants. | Case No. 1:18-cv-01537-BAM (PC)<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO AMEND<br><br>(ECF No. 1)<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Benjamin Jones ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action under 42 U.S.C. § 1983. Plaintiff initiated this action on October 29, 2018, and paid the filing fee. (ECF No. 1.) The matter was transferred to this Court on November 7, 2018. (ECF No. 4.) Plaintiff's complaint, filed on October 29, 2018, is currently before the Court for screening. (ECF No. 1.)

**I.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief

1

from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

**II. Plaintiff's Allegations**

Plaintiff is currently housed at the California Institution for Men, in Chino, California. The events in the complaint are alleged to have occurred while Plaintiff was housed at the California Substance Abuse Treatment Facility in Corcoran, California. Plaintiff names the following defendants: (1) the California Department of Corrections; (2) J. Zamora, Correctional Counselor II; (3) A. Shaw, Correctional Counselor II; (4) J. Mendez, Correctional Counselor; (5) C. Mauldin, Correctional Counselor; and (6) S. Sherman, Warden.

Plaintiff alleges as follows:

> Plaintiff Jones was convicted of a robbery in 1974 not murder or being the shooter. The Unite Classification Committee, U.C.C. S.A.T.F. facility and State Prison at Corcoran denied plaintiff Jones 8 months in which plaintiff could have [received] ACP/MCRP programming (See Exhibit A). Please note in Exhibit A California Conservation Camp Susanville awarded Plaintiff a just hearing and board found facts in favor of Plaintiff in November 13, 2003.

(ECF No. 1 at 4.) Plaintiff claims that this action was intentional because the U.C.C. knew of November 2003 hearing and knew that Plaintiff would have received a date change, reducing his

2

current sentence. (Id.) Plaintiff seeks declaratory and injunctive relief, compensatory and punitive damages. As part of his request for injunctive relief, Plaintiff requests correction of his "out date" and "immediate release." (Id. at 7.)

**III.     Discussion**

Plaintiff's complaint fails to state a cognizable claim. As Plaintiff is proceeding pro se, he will be given an opportunity to amend his complaint to cure the identified deficiencies to the extent he is able to do so in good faith. To assist Plaintiff, the Court provides the relevant pleading and legal standards that appear applicable to his claims.

**A.     Federal Rule of Civil Procedure 8**

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8. Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557; Moss, 572 F.3d at 969.

Plaintiff's complaint is short, but is not a plain statement of his claims. The Court cannot clearly identify the nature of Plaintiff's claims nor assess whether he has stated any cognizable claims for relief. Although Plaintiff attached and reference an exhibit, he does not clearly identify the basis for his claims. In any amended complaint, Plaintiff must clearly state what happened, when it happened and who was involved in the alleged violation of his rights.

**B.     Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

3

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S. Ct. 2018, 56 L.Ed. 2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S. Ct. 598, 46 L.Ed. 2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978).

Here, Plaintiff fails to link any of the named defendants to the allegations in his complaint. Plaintiff's complaint does not allege what each defendant did or did not do that resulted in violation of his constitutional rights. Plaintiff will be granted leave to amend to cure this deficiency.

### C. California Department of Corrections

The California Department of Corrections is not a proper defendant in this action. State agencies, such as the California Department of Corrections, are immune from suit under the Eleventh Amendment. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989); Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (prisoner's Eighth Amendment claims against CDCR for damages and injunctive relief were barred by Eleventh Amendment immunity); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984) (Eleventh Amendment immunity extends to state agencies).

### D. Habeas Action

The crux of Plaintiff's complaint appears to be a challenge to the duration of his incarceration. To the extent Plaintiff is attempting to challenge his conviction or the validity of his continued confinement, the exclusive method for asserting that challenge is by filing a petition for a writ of habeas corpus. It has long been established that state prisoners cannot challenge the fact or duration of their confinement in a section 1983 action and their sole remedy lies in habeas corpus relief. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005).

### E. State Law Claims

Plaintiff appears to assert a state law claim for intentional infliction of emotional distress.

Under 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," except as provided in subsections (b) and (c). The Supreme Court has stated that "if the federal claims are dismissed before trial, ... the state claims should be dismissed as well." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966).

Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. 28 U.S.C. § 1367. As Plaintiff has not stated a cognizable claim for relief under federal law, the Court declines to screen Plaintiff's purported state law claim.

Further, the Government Claims Act requires exhaustion of Plaintiff's state law tort claims with the California Victim Compensation and Government Claims Board, and Plaintiff is required to specifically allege compliance in his complaint. Shirk v. Vista Unified Sch. Dist., 42 Cal. 4th 201, 208–09 (Cal. 2007); State v. Superior Court of Kings Cty. (Bodde), 32 Cal. 4th 1234, 1239 (Cal. 2004); Mabe v. San Bernardino Cty. Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1111 (9th Cir. 2001); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995); Karim–Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988). Plaintiff has failed to allege compliance with the Government Claims Act.

### IV. Conclusion and Order

Plaintiff's complaint fails to state a cognizable claim for relief. As Plaintiff is proceeding pro se, the Court will grant Plaintiff an opportunity to amend his complaint to cure the above-identified deficiencies to the extent he is able to do so in good faith. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555

(citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified by the Court in this order or file a notice of voluntary dismissal; and

3. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated: **May 13, 2019**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE