1
2
3
4
5
6
7
# UNITED STATES DISTRICT COURT
8
### EASTERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| BENJAMIN JONES, | Case No. 1:18-cv-01537-BAM (PC) |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |
| v. | FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | **FOURTEEN-DAY DEADLINE** |

Plaintiff Benjamin Jones ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action under 42 U.S.C. § 1983. Plaintiff initiated this action on October 29, 2018, and paid the filing fee. (ECF No. 1.) The matter was transferred to this Court on November 7, 2018. (ECF No. 4.) On May 13, 2019, the Court screened Plaintiff's complaint and granted him leave to amend. (ECF No. 8.) Plaintiff's first amended complaint, filed on May 23, 2019, is currently before the Court for screening. (ECF No. 9.)

## I.      Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or

malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.     Plaintiff's Allegations

Plaintiff is currently housed at the California Institution for Men, in Chino, California.  The events in the complaint are alleged to have occurred while Plaintiff was housed at the California Substance Abuse Treatment Facility in Corcoran, California.   Plaintiff names the following defendants: (1) the California Department of Corrections; (2) J. Zamora, Correctional Counselor II; (3) A.  Shaw, Correctional Counselor II; (4) J. Mendez, Correctional Counselor; and (5) C. Mauldin, Correctional Counselor II.

Plaintiff alleges as follows:

> Plaintiff Jones was convicted of a robbery in 1974 not "Murder" or of being the shooter.  The Unit Classification Committee (U.C.C. S.A.T.F.) and State Prison at Corcoran denied plaintiff Jones 10 months in which plaintiff could have [received] ACP/MCRP, Prop 57 or have been release due to prison reform. (See Exhibit A). Please note in Exhibit A California Conservation Camp Susanville awarded Plaintiff a "JUST" hearing and board found facts in favor of Plaintiff in November 13, 2003.

(ECF No. 9 at 3-4.)  Plaintiff seeks declaratory and injunctive relief, compensatory and punitive

damages.  As part of his request for injunctive relief, Plaintiff recalculation of his release date.  (<u>Id.</u> at 7.)

### III.    Discussion

### A.    Federal Rule of Civil Procedure 8

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8. Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Iqbal</u>, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Iqbal</u>, 556 U.S. at 678 (quoting <u>Twombly</u>, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. <u>Id.</u>; <u>see also</u> <u>Twombly</u>, 550 U.S. at 556–557; <u>Moss</u>, 572 F.3d at 969.

Plaintiff's complaint is short, but is not a plain statement of his claims.  The Court cannot clearly identify the nature of Plaintiff's claims nor assess whether he has stated any cognizable claims for relief.  Although Plaintiff attached and reference an exhibit, he does not clearly identify the basis for his claims.  Plaintiff has been unable to cure this deficiency.

### B.    Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. <u>See</u> <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 98 S. Ct. 2018, 56 L.Ed. 2d 611 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362, 96 S. Ct. 598, 46 L.Ed. 2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."

Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978).

Here, Plaintiff fails to link any of the named defendants to the allegations in his complaint. Plaintiff's complaint does not allege what each defendant did or did not do that resulted in violation of his constitutional rights. Plaintiff has been unable to cure this deficiency.

**C.  California Department of Corrections**

The California Department of Corrections is not a proper defendant in this action. State agencies, such as the California Department of Corrections, are immune from suit under the Eleventh Amendment. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989); Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (prisoner's Eighth Amendment claims against CDCR for damages and injunctive relief were barred by Eleventh Amendment immunity); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984) (Eleventh Amendment immunity extends to state agencies).

**D.  Habeas Action**

To the extent Plaintiff is attempting to challenge his conviction or the validity of his continued confinement, the exclusive method for asserting that challenge is by filing a petition for a writ of habeas corpus. It has long been established that state prisoners cannot challenge the fact or duration of their confinement in a section 1983 action and their sole remedy lies in habeas corpus relief. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005).

**E.  Proposition 57**

Plaintiff appears to suggest that he should have been released pursuant to California's Proposition 57. However, Proposition 57 provides for early consideration of a qualifying inmate for parole but not *actual* parole or release. Bisel v. Kernan, No. 1:18-cv-0090-DAD-JLT (PC), 2019 WL 1508062, at *3 (E.D. Cal. Apr. 5, 2019). Further, Plaintiff's claim is not cognizable under § 1983 as it asserts only a violation or misinterpretation of state law, i.e., application of Proposition 57 and its implementing regulations. Crisp v. Kernan, No. 2:17-CV-2431 KJN P, 2018 WL 2771310, at *3 (E.D. Cal. June 7, 2018) (noting plaintiff's allegation that his release release under Proposition 57 was delayed does not state a cognizable civil rights claim because it is an asserted a violation of state law, not federal law); Jones v. California State Superior Courts, No. 1:17-cv-

4

00232-LJO-BAM (PC), 2018 WL 2287952, at *3 (E.D. Cal. May 18, 2018) (finding parole consideration of person who is eligible under Proposition 57 to be discretionary and a matter of state law; holding that violation of state regulations, rules and policies of the CDCR, or other state law is not sufficient to state a claim for relief under § 1983).

### IV.   Conclusion and Recommendation

For the reasons discussed, the Court finds that Plaintiff has failed to state a cognizable claim for relief. Despite being provided with the relevant legal standards, Plaintiff has been unable to cure the deficiencies in his complaint. Further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Court HEREBY DIRECTS the Clerk of the Court to randomly assign a district judge to this action.

Furthermore, for the reasons stated above, IT IS HEREBY RECOMMENDED that this action be dismissed for Plaintiff's failure to state a cognizable federal claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 7, 2019**          /s/ Barbara A. McAuliffe          
UNITED STATES MAGISTRATE JUDGE

5